FILED
JAMES BONINI
CLERK

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

05 DEC 22 PM 1: 21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| Hooi (Charlene) Chan, <br> 3143 Bennison Court <br> Hilliard, Ohio 43026, <br><br>       Plaintiff, <br><br>       vs. <br><br> International Fiber Corporation, <br> 50 Bridge Street <br> North Tonawanda, NY 14120, and <br><br> Swander Pace Capital, <br> 345 California Street <br> Suite 2550 <br> San Francisco, CA 94104, <br><br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# C2 05 1146

Case No. :

Judge:     JUDGE SARGUS

Magistrate Judge:
      MAGISTRATE JUDGE ABEL

Jury Demand Endorsed Hereon

## COMPLAINT

NOW COMES Plaintiff, Hooi (Charlene) Chan, by and through counsel, and for her Complaint makes the following allegations, statements and claims:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States. The Plaintiff seeks the Court's jurisdiction under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e-2) and the Civil Rights Act of 1991 (42 U.S.C. §1981).

2. This Court also has jurisdiction to hear this case pursuant to 28 U.S.C. §1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28
   U.S.C. §1367 on the grounds that they are so related to the federal claims, over which the
   Court has original jurisdiction, that they form part of the same case or controversy.

4. Venue in this district is proper under 28 U.S.C. §1391 because a substantial part of the
   events and omissions giving rise to plaintiff's claims occurred in this district.

## PARTIES

5. Plaintiff, Hooi (Charlene) Chan, is a female, Asian-American, naturalized citizen of the
   United States over the age of forty-years-old, who resides at 3143 Bennison Court,
   Hilliard, Ohio 43026.

6. Defendant International Fiber Corporation (hereafter "IFC") is a corporation duly
   registered in New York employing over two hundred (200) employees. The primary
   place of business is 50 Bridge Street, North Tonawanda, New York 14120.

7. Defendant Swander Pace Capital (hereafter Swander Pace) is a corporation duly
   registered in California. The primary place of business is 345 California Street, Suite
   2550, San Francisco, CA 94104. In approximately July of 2004, Swander Pace
   purchased IFC and is currently IFC's parent company.

## PROCEDURAL REQUIREMENT AND
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On February 25, 2005, Plaintiff filed a timely charge of discrimination with the Ohio
   Civil Rights Commission (OCRC) and with the United States Equal Employment
   Opportunities Commission (EEOC) (SEE EXHIBIT A).

9. Plaintiff voluntarily withdrew her charge. A right to sue letter was issued to the Plaintiff on October 6, 2005, entitling her to institute a civil action in the appropriate forum within ninety (90) days of the receipt of the notice (SEE EXHIBIT B). This action was filed and commenced within the ninety-day period.

10. All other jurisdictional requirements have been complied with. All requisite administrative remedies have been exhausted.

## FACTUAL ALLEGATIONS

11. Plaintiff was hired as the Plant Quality Manager for IFC's Urbana, Ohio plant on May 20, 2002 (SEE EXHIBIT C).

12. It is Plaintiff's belief that at the time of her hiring IFC did not have a written job description for the "Plant Quality Manager" position, however Plaintiff's position encompassed being the Plant Manager of both Quality Assurance and Quality Control.

13. Plaintiff is a female.

14. Plaintiff is a practicing Buddhist, who was born in Malaysia and is of Chinese descent.

15. Plaintiff has been a legal permanent resident of the U.S. since 1988. Plaintiff was sworn in as a U.S. citizen on February 17, 2005.

16. Plaintiff had superior work performance while employed by IFC.

17. It is Plaintiff's belief that the approximately seventy (70) employees working at IFC's Urbana, Ohio plant, six (6) employees, including Plaintiff, were female at the time of Plaintiff's discharge.

18. Plaintiff was subjected to frequent and continuing disparaging comments and behaviors based on her gender, race, and national origin.

3

19. Plaintiff was frequently called the "Little Lab Girl" by coworkers and supervisors.

20. As the Plant Quality Manager, Plaintiff supervised the plant's Quality Control and Quality Assurance departments.

21. IFC management created an artificial chain of command through which, Sean Griswald, a male employee in a subordinate position within Quality Control and Quality Assurance reported to male supervisors instead of Plaintiff, thus undermining her authority.

22. Plaintiff complained to her supervisor, Larry McKee, and Plant Manager Dave McGill about sexually explicit pictures of women hung in the plant locker room area of the plant, which also served as the lunchroom. In response, Larry McKee said he would like to get copies of those pictures for himself. The pictures were not removed.

23. Plaintiff received several phone calls in November and December of 2004 from IFC's Executive Vice President Jit Ang. Mr. Ang told Plaintiff that Swander Pace wanted IFC to fire Plaintiff, but they were unable to fire her because of her excellent work performance record.

24. Plaintiff's employment with IFC was terminated on December 10, 2004 (SEE EXHIBIT D).

25. At the time of Plaintiff's termination her salary was $68,000 annually plus benefits.

26. Plaintiff was told by IFC's Vice President of Human Resources, Dan McDonnell, that the IFC Urbana laboratory was being relocated to New York and her position was being eliminated.

27. Dan McDonnell tried to get Plaintiff to sign a termination agreement that did not include language regarding a transfer within the company. Plaintiff refused to sign the termination agreement (SEE EXHIBIT D).

4

28. Plaintiff inquired as to whether she could relocate to New York and continue running the lab. Plaintiff never received an offer to relocate from Defendants.

29. Plaintiff was required to use her vacation time from December 10, 2004 to December 31, 2004 despite being terminated.

30. IFC Vice President Dan McDonnell told Plaintiff's coworkers that she had been given the options of demotion, transfer to New York, or resigning and she had chosen to resign.

31. Plaintiff was not given the options of demotion or transfer and was pressured to resign.

32. IFC did not move the Urbana laboratory to New York or eliminate her position, but instead replaced Plaintiff with Sean Griswald, a 22-year-old, Caucasian, male recent graduate of a local Christian college who had interned for IFC.

33. Plaintiff suffered emotional distress from her treatment at IFC and her termination from IFC. She continues to suffer emotional distress from these events.

34. Plaintiff has attempted to find comparable work since her discharge from IFC to no avail.


## COUNT I

### (Title VII Gender Discrimination; 42 U.S.C. §2000e)

35. Plaintiff incorporates all of the preceding paragraphs as if restated fully here.

36. Plaintiff is a female and was fully qualified for her position at all relevant times.

37. Plaintiff's termination permitted the hiring and retention of male employees.

38. By undermining her authority, exposing her to a hostile environment, terminating her on pretextual grounds, and replacing her with a significantly less qualified male employee, Defendants committed sex discrimination in violation of Title VII.

5

39. Defendants' willful, malicious, and unlawful conduct proximately caused Plaintiff to suffer damages, including emotional distress, and Plaintiff is entitled to judgment for the damages she has suffered and continues to suffer.

## COUNT II

### (Gender Discrimination; O.R.C. §4112.99)

40. Plaintiff incorporates all of the preceding paragraphs as if restated fully here.

41. Plaintiff is a female and was fully qualified for her positional at all relevant times.

42. Plaintiff's termination permitted the hiring and retention of male employees.

43. By undermining her authority, exposing her to a hostile environment, terminating her on pretextual grounds, and replacing her with a significantly less qualified male employee, Defendants committed sex discrimination in violation of Title VII.

44. Defendants terminated Plaintiff's employment because of her gender in violation of O.R.C. §4112.99.

45. Defendants' willful, malicious, and unlawful conduct proximately caused Plaintiff to suffer damages, including emotional distress, and Plaintiff is entitled to judgment for the damages she has suffered and continues to suffer.

## COUNT III

### (Title VII Unlawful Retaliation; 42 U.S.C. 2000e-2)

46. Plaintiff incorporates all of the preceding paragraphs as if restated fully here.

47. Plaintiff has been unable to secure comparable work since being terminated by Defendants.

48. Plaintiff engaged in protected activity when she filed a complaint against Defendants with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission on February 25, 2005.

49. Defendants are giving the Plaintiff an unfavorable reference when potential employers contact Plaintiff's former supervisors at IFC regarding her past work experience in retaliation for Plaintiff engaging in protected activity.

50. Defendant's unlawful retaliation has caused Plaintiff harm and continues to cause her harm, both financial and emotional harm.

51. Defendants' actions constitute a violation of the Civil Rights Act of 1964, §704(a).

## COUNT IV

### (Retaliation; O.R.C. §4112.99)

52. Plaintiff incorporates all of the preceding paragraphs as if restated fully here.

53. Plaintiff has been unable to secure comparable work since being terminated by Defendants.

54. Plaintiff engaged in protected activity when she filed a complaint against Defendants with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission on February 25, 2005.

55. Defendants are giving the Plaintiff an unfavorable reference when potential employers contact Plaintiff's former supervisors at IFC regarding her past work experience in retaliation for Plaintiff engaging in protected activity.

56. Defendant's unlawful retaliation has caused Plaintiff harm and continues to cause her harm, both financial and emotional harm.

57. Defendants' actions violate O.R.C. §4112.99.


## COUNT V

### (Race Discrimination; 42 U.S.C. §2000e)

58. Plaintiff incorporates all of the preceding paragraphs as if restated fully here.

59. Plaintiff was born in Malaysia and is of Chinese decent.

60. Plaintiff was fully qualified for her position at all relevant times.

61. Plaintiff's termination permitted the hiring and retention of a Caucasian employee.

62. Exposing her to a hostile environment and terminating her on grounds based on her race and national origin in violation of Title VII.

63. Defendants' willful, malicious, and unlawful conduct proximately caused Plaintiff to suffer damages, including emotional distress, and Plaintiff is entitled to judgment for the damages she has suffered and continues to suffer.


## COUNT VI

### (Race Discrimination; 42 U.S.C. §1981)

64. Plaintiff incorporates all of the preceding paragraphs as if restated fully here.

65. Defendants discharged Plaintiff from their employment.

66. Plaintiff's race and national origin was a motivating factor for Defendants termination of her employment.

67. Defendants violated 42 U.S.C. §1981 because they intentionally discriminated against Plaintiff in discharging her based on her race.

8

## COUNT VII

### (Race Discrimination; O.R.C. §4112.99)

68. Plaintiff incorporates all of the preceding paragraphs as if restated fully here.

69. Plaintiff was born in Malaysia and is of Chinese decent.

70. Plaintiff was fully qualified for her position at all relevant times.

71. Plaintiff's termination permitted the hiring and retention of a Caucasian employee.

72. Exposing her to a hostile environment and terminating her on grounds based on her race and national origin in violation of O.R.C. §4112.99.

73. Defendants' willful, malicious, and unlawful conduct proximately caused Plaintiff to suffer damages, including emotional distress, and Plaintiff is entitled to judgment for the damages she has suffered and continues to suffer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

    a. Permanently enjoin IFC and Swander Pace, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in or continuing practices, policies, customs, and usages shown to be violative of public law;

    b. Award Plaintiff back pay for the value of all compensation and benefits lost as a result of Defendants' unlawful conduct;

    c. If the Plaintiff is entitled to reinstatement, where reinstatement is not practicable, provide an award of front pay in lieu of reinstatement;

    d. Award Plaintiff appropriate compensatory damages in the amount of $150,000 for damages including future pecuniary losses, emotional distress, and mental anguish;

e. Award Plaintiff punitive damages in the amount of $50,000 for intentionally
   discriminating against Plaintiff with malice or reckless indifference to her federally and
   state protected rights;

f. Award Plaintiff's attorneys' fees, the costs of maintaining this action, and interest,
   including prejudgment interest;

g. Award such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial
by jury.

Respectfully submitted,

Elizabeth I. Cooke (0063873)
The Ohio State University
Moritz College of Law Clinical Programs
55 West 12th Avenue
Columbus, OH 43210
Phone: (614) 292-6821
Fax: (614) 292-5511
Email: cooke.62@osu.edu
Attorney for Plaintiff

10